1
2
3
4                       UNITED STATES DISTRICT COURT
5                            DISTRICT OF NEVADA
6                                    * * *
7   UNITED STATES OF AMERICA,               Case No. 2:15-cr-00285-APG-PAL
8                            Plaintiff,
                                                        **ORDER**
9        v.
                                            (Mot Leave File Mot Dismiss – ECF No. 273)
10  BENJAMIN GALECKI, et al.,                      (Mot Joinder – ECF No. 277)
                            Defendants.
11

12          This matter is before the court on Defendant Benjamin Galecki's Motion for Leave to file

13  Motion to Dismiss Indictment as the Controlled Substance Analogue Enforcement Act is Being

14  Unconstitutionally Applied Regarding the Substance at Issue (ECF No. 273), filed April 4, 2019.

15  This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of

16  the Local Rules of Practice.   The court has considered the Motion, Defendant Ryan Matthew

17  Eaton's Joinder (ECF No. 277), the Government's Response (ECF No. 301), and Galecki's Reply

18  (ECF No. 315).

19          On October 13, 2015, a federal grand jury in this district returned an Indictment (ECF

20  No. 1) against Defendants Charles Burton Ritchie and Galecki.   The court approved the parties'

21  stipulation and entered a Complex Case Schedule (ECF No. 24), which set a June 2016 deadline

22  for pretrial motions.   A Superseding Indictment (ECF No. 56) was returned in August 2016,

23  naming Ritchie, Galecki, and Eaton.   The parties have stipulated numerous times to continue the

24  dates for trial and extend the deadline for pretrial motions.   ECF Nos. 23, 81, 102, 145, 147, 149,

25  168, 188, 191, 253, 295.   The court approved their stipulations, ECF Nos. 24, 82, 83, 106, 146,

26  148, 150, 174, 189, 192, 254, 296.   Pursuant to these extensions, the deadline to file pretrial

27  motions was June 25, 2018.   ECF No. 174.   Defendants also filed motions to continue trial, ECF

28  Nos. 125, 126, 128, 131, 132, 205, 237, which the government opposed, ECF Nos. 127, 213, 239.

The court granted the defendants' motions and continued the trial. Mins. of Proceedings (ECF Nos. 134, 225, 252), Order (ECF No. 241). Trial in this matter is currently set for June 17, 2019—more than three years after the initial trial setting. Order to Continue (ECF No. 296); Mins. of Proceedings (ECF Nos. 15, 16).

Defendants have filed numerous pretrial motions in this case. Which were referred to me for decision. ECF Nos. 36, 43, 44, 111, 153, 154, 155, 167, 171, 176, 207, and orders and/or reports of findings and recommendation ("R & R") deciding or recommending decision of these motions. ECF Nos. 41, 79, 80, 116, 203, 204, 206, 217, 227. The district judge entered orders accepting and adopting the findings and recommendations, ECF Nos. 110, 196, 242, 243, 244, as well as orders directly addressing certain pretrial motions, ECF No. 245, 247.

Mr. Galecki's current Motion (ECF No. 273) requests leave of the court to file another motion to dismiss this case. He acknowledges that he previously filed an Omnibus Motion to Dismiss (ECF No. 171) raising a vagueness challenge to the Controlled Substance Analogue Enforcement Act of 1986 ("Analogue Act"), 21 U.S.C. §§ 802(32), 813. However, his prior motion did not specifically address the application of *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551 (2015), *Sessions v. Dimaya*, --- U.S. ----, 138 S. Ct. 1204 (2018), and *United States v. Stockton*, 2016 WL 10257478 at *2–3 (D.N.M. 2016). Galecki argues that principles of unconstitutional vagueness, due process, and separation of powers are being violated in this case. Thus, he seeks leave to address the important issues raised in these cases by filing another motion to dismiss. The proposed motion to dismiss is attached to the current motion.

In its Response (ECF No. 301), the government asks the court to deny Galecki's Motion as untimely. The government also points out that the defendants already moved for dismissal on the same issues, and the court denied relief, finding that the Analogue Act is not unconstitutionally vague. ECF Nos. 171, 204, 243. The *Johnson* and *Dimaya* cases were decided before this court ruled on the previous motion to dismiss.[1] Galecki had the opportunity to supplement his vagueness

---

[1] The Supreme Court decided *Johnson* in June 2015. *Dimaya* was decided on April 17, 2018. Mr. Galecki filed his Omnibus Motion to Dismiss (ECF No. 171) on February 23, 2018. Thus, *Dimaya* was decided after Galecki filed his motion to dismiss, but <u>before</u> his Reply (ECF No. 201) May 15, 2018, the R & R (ECF No. 204) entered June 15, 2018, or the Order (ECF No. 243) entered December 13, 2018, accepting the R & R and denying the motion to dismiss.

argument while the motion was under consideration, yet he did not do so. The Motion does not explain why Galecki did not raise arguments regarding *Johnson* and *Dimaya* until now. In addition, the government maintains that *Johnson* and *Dimaya* are not applicable to the Analogue Act. Rather, the Supreme Court has explicitly rejected a vagueness challenge to the Analogue Act, finding the statute "unambiguous." *McFadden v. United States*, --- U.S. ----, 135 S. Ct. 2298, 2306–07 (2015). Because res judicata applies to this matter, and Galecki fails to show good cause to file an untimely motion to dismiss, the court should deny the Motion.

Rule 12 of the Federal Rules of Criminal Procedure addresses deadlines for filing pretrial motions and the potential consequences for filing an untimely motion. If a party does not meet the deadline for filing a pretrial motion, "the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). The decision whether there is good cause to consider an untimely Rule 12 motion lies in the discretion of the district court. *See United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003).

Galecki has not shown good cause to file yet another motion to dismiss more than ten months after the expiration of the motions deadline and weeks before trial. After many extensions of the deadline, pretrial motions were due June 25, 2018. Defendants filed multiple pretrial motions, which have been considered and decided. There has been no intervening change in law. Galecki provides no reason for the delay. The unexplained delay is particularly apparent because the *Johnson* opinion was decided over two years prior to him filing the previous motion to dismiss.

More importantly, the vagueness argument raised in Galecki's proposed motion to dismiss was already addressed in a prior Report and Recommendation (ECF No. 204):

> The Supreme Court and multiple court of appeals have repeatedly held that the Analogue Act is not void for vagueness. *E.g.*, *McFadden*, 135 S. Ct. at 2306–07 (finding the Analogue Act "unambiguous"); *United States v. Carlson*, 810 F.3d 544 (8th Cir. 2016); *United States v. Berger*, 553 F.3d 1107 (8th Cir. 2009); *United States v. Bamberg*, 478 F.3d 934, 937 (8th Cir. 2007); *United States v. Turcotte*, 405 F.3d 515 (7th Cir. 2005) ("The circuit courts considering this issue have unanimously held that the CSA's Analogue Provision is not unconstitutionally vague."); *United States v. Ansaldi*, 372 F.3d 118 (2d Cir. 2004); *United States v. Klecker*, 348 F.3d 69 (4th Cir. 2003); *United States v. Fisher*, 289 F.3d 1329 (11th Cir. 2002); *United States v. Hofstatter*, 8 F.3d 316 (6th Cir. 1993); *United States v. Raymer*, 941 F.2d 1031 (10th Cir. 1991); *United States v. Granberry*, 916 F.2d 1008 (5th Cir. 1990). Although this issue has yet to be addressed in a published opinion, a Ninth Circuit panel has held that the Analogue Act is not unconstitutionally vague. *United States*

*v. Lane*, 616 Fed. App'x. 328, 329 (9th Cir. 2015) (affirming Analogue Act convictions for MDPV, a-PVP, and a-PBP). The panel held that *McFadden*'s scienter requirement was satisfied because the district court required the government to prove the defendant "knew he was dealing with controlled substance analogues." *Id.* (citing *McFadden*, 135 S. Ct. at 2307). Additionally, at least five judges in this district have concluded that the Analogue Act is not void for vagueness. *E.g.*, *United States v. Flaherty*, No. 2:16-cr-00080-APG-NJK, 2018 WL 1417216, at *2 (D. Nev. Feb. 2, 2018) (rejecting vagueness challenge as to 5F-AKB48), *report & recommendation adopted*, 2018 WL 1413970 (D. Nev. Mar. 21, 2018); *United States v. Johnson*, No. 2:13-cr-00395-GMN-GWF, 2014 WL 7330935, at *1 (D. Nev. July 31, 2014) (rejecting vagueness challenge as to XLR-11 and 5F-PB-22), *report & recommendation adopted*, 2014 WL 7330936 (D. Nev. Dec. 19, 2014); *United States v. Riley*, 2:12-cr-00478-JAD-VCF (D. Nev.) Feb. 7, 2014 R & R (ECF No. 184) (rejecting vagueness challenge as to AM2201, XLR-11).

*Id.* at 18–19, accepted and adopted by Order (ECF No. 243). Galecki's proposed motion argues that dismissal is warranted "in light of the unconstitutional vagueness, due process, equal protection, and separation of powers principles," which the Supreme Court "recently reiterated" in *Johnson* and *Dimaya*. ECF No. 273-1 at 16. As Galecki acknowledges, *Johnson* and *Dimaya* merely reiterate established principles for vagueness challenges to criminal statutes. *Johnson* and *Dimaya* held that the "residual clause" of the Armed Career Criminal Act and the Immigration and Nationality Act defining a "crime of violence" were unconstitutionally *Johnson* was decided years before the initial motion to dismiss on vagueness was filed. *Dimaya* was decided before the reply to the motion to dismiss was filed and did not announce a new rule of constitutional law applicable to vagueness challenges to criminal challenges. Rather it applied existing constitutional standards to two specific statutory provisions not at issue in this case. The current Motion will therefore be denied.

**IT IS ORDERED**:

1. Defendant Ryan Matthew Eaton's Motion for Joinder (ECF No. 277) is **GRANTED**.

2. Defendant Benjamin Galecki's Motion for Leave to File Motion to Dismiss Indictment (ECF No. 273) is **DENIED**.

Dated this 26th day of April, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE